"(4) Have we correctly disposed of the issue of improvement in good faith?"

[1] Article 1851 of the Revised Civil Statutes of Texas 1925, provides:

"Whenever there shall arise an issue of law which a Court of Civil Appeals should deem advisable to present to the Supreme Court for adjudication, the presiding judge shall certify the question to be decided by the Supreme Court."

This clearly contemplates that an issue of law involved in a pending case rather than the case as a whole should be certified. Such has been the holding of our Supreme Court in numerous cases. It was never contemplated by the Legislature that the duty devolved upon the Court of Civil Appeals to decide a given case could be transferred to the Supreme Court through the medium of a certificate. If this were permissible, it could and would follow in those cases where by statute the jurisdiction of the Court of Civil Appeals is made final that the Supreme Court would in truth be called upon to decide the case, in effect exercising the jurisdiction made final by statute in the Court of Civil Appeals.

Perhaps the latest discussion of this matter by the Supreme Court is in Owens v. Tedford, 114 Tex. 390, 269 S. W. 418. The principal question certified in that case was as follows:

"Do the facts found by us, as well as the evidence herein set out, show that Carter and Owens, or either of them, was a partner with Isaacs in the drilling of the well, so as to become liable for the debts incurred in such drilling?"

Concerning this certificate, Justice Greenwood, for the court, said:

"To ask this court whether all relevant facts in evidence render a party liable for the debt sought to be recovered comes within the oft declared rule against certifying a whole case to the Supreme Court."

The Justice then quotes from an earlier Supreme Court decision (Poole v. Burnet County, 97 Tex. 85, 76 S. W. 427), as follows:

."The fourth question does not propound any proposition of law which can be said to be 'the question in the case,' but in broad terms calls upon this court to decide the whole case upon the facts stated. This is not in accordance with the statutes of this state, nor with the rules of this court governing such proceedings, wherefore, we do not answer that question."

And still another Supreme Court decision (Laughlin v. Fidelity Mutual Ins. Co., 87 Tex. 116, 26 S. W. 1064) is referred to, condemning a question, "whether under the pleadings and stated evidence, the court erred in peremptorily instructing the jury to return a cer-

tain verdict," as an attempt to submit the whole case for decision by the Supreme Court.

We think Justice Greenwood's opinion, supported as it is by all the decisions, very much in point on the form of the certificate, and requires that the certificate in this case should be dismissed as an attempt to certify the entire case to the Supreme Court for decision.

[2] Of course we do not mean to indicate that no question of law which would have controlling effect upon the case could in any event be certified to the Supreme Court, but the certificate in this case clearly, we think, attempts to present the all-embracing question of whether or not the judgments of the lower courts were correct under all the pleadings and evidence, the entire case.

We therefore recommend that the certificate should be dismissed.

CURETON, C. J. The opinion of the Commission of Appeals recommending the dismissal of the certificate is adopted, and ordered certified; and the certificate is dismissed.

---

**SIMMS OIL CO. v. COLQUITT.** (Motion No. 7695; No. 779–4770.)

Commission of Appeals of Texas, Section B. Oct. 26, 1927.

On Motion for Rehearing. Motion granted and orders entered by Supreme Court as recommended by the Commission of Appeals.

For former opinion, see 296 S. W. 491. See also, 289 S. W. 98.

T. A. Knight and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error.

Bailey & Bailey, of Dallas, for defendant in error.

POWELL, P. J. On June 22, 1927, the Supreme Court entered judgment in this case reversing the judgments of both lower courts and rendering judgment for plaintiff in error. See 296 S. W. 491. In due course, the defendant in error filed his motion for rehearing and that motion has, as is customary, been referred to us for consideration and recommendation.

We have carefully considered the motion and beg leave to report as follows:

In the beginning of our consideration of this case upon the original hearing there was considerable divergence of view among the members of the commission. Finally, the commission unanimously decided that the judgments of both lower courts should be reversed and the cause remanded to the trial court. An opinion so recommending was prepared by the writer and such a report, as the Supreme Court will recall, was sent to it for its consideration. Upon considering that recommendation, the Supreme Court sent for the writer and advised him that they could not approve a recommendation remanding the case, but that they were rather firmly

convinced that the case should be rendered for plaintiff in error.

As we consider the motion for hearing, there are still divergent views among the commissioners, and, in view of that fact, and in view also of the great importance of the questions here involved, we feel that the Supreme Court, which has the final power of decision, should have the benefit of oral argument upon the several issues involved.

Therefore we recommend that the motion for rehearing be granted; that the judgment heretofore entered herein on June 22, 1927, be set aside and held for naught, and that the cause be withdrawn from the Commission of Appeals and be submitted and heard in the Supreme Court itself.